IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, | CIVIL DIVISION |
| Plaintiff, | NO.: 2:23-cv-00845-NR |
| v. | |
| GENERAL ELECTRIC COMPANY; COOPER MACHINERY SERVICES LLC; and, WOLONG ELECTRIC AMERICA LLC, | |
| Defendants. | |

## DEFENDANT WOLONG ELECTRIC AMERICA LLC'S ANSWER, AFFIRMATIVE DEFENSES AND CROSS CLAIMS TO PLAINTIFF'S CIVIL ACTION COMPLAINT

AND NOW, comes the Defendant, Wolong Electric America LLC, by and through its attorneys, and files the following Answer, Affirmative Defenses, and Cross Claims to Plaintiff's Civil Action Complaint:

## THE PARTIES

1. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

2. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

3. Denied. The allegations contained in this paragraph are directed to a party other than this defendant and require no response from this defendant. In the event a response is deemed to be required, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

4. Denied. The allegations contained in this paragraph are directed to a party other than this defendant and require no response from this defendant. In the event a response is deemed

to be required, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

5. Denied. The allegations contained in this paragraph are directed to a party other than this defendant and require no response from this defendant. In the event a response is deemed to be required, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

6. Denied. The allegations contained in this paragraph are directed to a party other than this defendant and require no response from this defendant. In the event a response is deemed to be required, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

7. Denied. The allegations contained in this paragraph are directed to a party other than this defendant and require no response from this defendant. In the event a response is deemed to be required, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

8. Denied. The allegations contained in this paragraph are directed to a party other than this defendant and require no response from this defendant. In the event a response is deemed to be required, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

9. Admitted.

10. Denied. At all times material hereto, this defendant was not in the business of designing, manufacturing, selling and/or supplying industrial motors and equipment.

11. Denied. At all times relevant to this action, this defendant did not purposely establish significant contacts in Pennsylvania, did not carry out and does not continue to carry out substantial, continuous, and systemic business activities in Pennsylvania.

12. Denied. At all times relevant to this action, this defendant did not act through their agents, servants, and employees in acting in the course and scope of their agency and employment.

## JURISDICTION AND VENUE

13. Denied. The allegations contained in this paragraph state conclusions of law to which no response is required.

14. Denied. The allegations contained in this paragraph state conclusions of law to which no response is required.

## GENERAL ALLEGATIONS

15. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

16. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

17. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

18. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

19. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

20. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

21. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

22. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

23. Denied. The allegations contained in this paragraph state conclusions of law to which no response is required.

24. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

25. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

26. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

## COUNT I – NEGLIGENCE
## PLAINTIFF V. GENERAL ELECTRIC COMPANY and COOPER MACHINERY SERVICES LLC and WOLONG ELECTRIC AMERICA LLC

27. This defendant hereby incorporates paragraphs 1 through 26, inclusive, of its Answer, as if the same were set forth in full herein.

28. Denied. The allegations contained in this paragraph state conclusions of law to which no response is required.

29. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

30. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and subparts.

31. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

32. Denied. The allegations contained in this paragraph state conclusions of law to which no response is required.

33. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

34. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

WHEREFORE, Defendant, this defendant, denies any and all liability in this matter and requests judgment in its favor.

**COUNT I – STRICT LIABILITY**
**PLAINTIFF V. GENERAL ELECTRIC COMPANY and COOPER MACHINERY SERVICES LLC and WOLONG ELECTRIC AMERICA LLC**

35. This defendant hereby incorporates by reference paragraphs 1 through 34, inclusive, of its Answer, as if the same were set forth in full herein.

36. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

37. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

38. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

39. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

40. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

41. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

42. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

43. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

44. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

45. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

46. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

47. Denied. The allegations contained in this paragraph state conclusions of law to which no response is required.

48. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

49. Denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

WHEREFORE, this defendant denies any and all liability in this matter and requests judgment in its favor.

## AFFIRMATIVE DEFENSES

By way of further answer, Defendant, Wolong Electric America LLC, sets forth the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action on which relief can be granted as to this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

This defendant asserts comparative negligence as an affirmative defense in this matter.

### THIRD AFFIRMATIVE DEFENSE

This defendant asserts assumption of the risk as an affirmative defense in this matter.

### FOURTH AFFIRMATIVE DEFENSE

This defendant asserts the statute of limitations as an affirmative defense in this matter.

### FIFTH AFFIRMATIVE DEFENSE

This defendant asserts the statute of repose as an affirmative defense in this matter.

### SIXTH AFFIRMATIVE DEFENSE

This defendant asserts res judicata and/or collateral estoppel as an affirmative defense in this matter.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, the existence of which are denied, are the result of the actions and/or omissions of third parties, over which this defendant had no responsibility and/or control.

### EIGHTH AFFIRMATIVE DEFENSE

The negligent and/or reckless acts or omissions of other parties are a superseding, intervening cause of plaintiff's alleged injuries and damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages are reduced and/or barred by their failure to mitigate their damages and/or losses.

**TENTH AFFIRMATIVE DEFENSE**

This defendant was not negligent, careless, and/or reckless at any time relevant hereto.

**ELEVENTH AFFIRMATIVE DEFENSE**

This defendant asserts product misuse as an affirmative defense in this matter.

**TWELFTH AFFIRMATIVE DEFENSE**

There was not a defective condition of the subject motor at any time relevant hereto.

**THIRTEENTH AFFIRMATIVE DEFENSE**

This defendant did not have actual or constructive knowledge of the defect which alleged in plaintiff's complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

This defendant did not design the motor in question.

**FIFTEENTH AFFIRMATIVE DEFENSE**

This defendant did not possess the motor in question.

**SIXTEENTH AFFIRMATIVE DEFENSE**

This defendant did not maintain the motor in question.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

This defendant did not manufacture the motor in question.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

This defendant did not market the motor in question.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages are the result of other accidents and not the result of the incident in question.

### TWENTIETH AFFIRMATIVE DEFENSE

This defendant did not purchase the motor in question.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This defendant asserts spoliation of evidence as a defense in this matter.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

This defendant did not own, possess, maintain, or install the motor in question and, therefore, owes no legal duty to plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

This defendant did not distribute the motor in question.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

This defendant was not a successor to General Electric Company's interest in the subject motor.

WHEREFORE, this defendant, denies any and all liability in this matter and requests judgment in its favor.

### CROSS CLAIMS AGAINST DEFENDANTS GENERAL ELECTRIC COMPANY and COOPER MACHINERY SERVICES LLC

In the event that it is judicially determined that plaintiff is entitled to recover against this defendant, Wolong Electric America LLC, this defendant asserts defendants General Electric Company and Cooper Machinery Services LLC, are solely liable to plaintiff, liable over to this defendant on plaintiff's causes of action, and/or are jointly and severally liable on plaintiff's causes of action.  This defendant, therefore, requests contribution and/or indemnification from the

aforementioned defendants, and solely in support of said request, hereby incorporates by reference the allegations contained in plaintiff's complaint as to each defendant, as if the same were set forth in full herein.

WHEREFORE, Defendant, Wolong Electric America LLC, denies any and all liability in this matter and requests judgment in its favor. This defendant further requests that defendants General Electric Company and Cooper Machinery Services LLC, be held jointly and severally liable to plaintiff, and/or liable over to this defendant for contribution and/or indemnification.

Respectfully submitted,

LAW OFFICE OF CHERYL ESPOSITO KAUFMAN

By: /s/ Nadia V. Lazo
Nadia V. Lazo, Esquire
PA ID#: 209221
*Counsel for Defendant Wolong Electric America LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Defendant Wolong Electric America LLC's Answer, Affirmative Defenses and Cross Claims to Plaintiff's Civil Action Complaint* was served via U.S. Mail or Electronic Mail on the 21st day of June, 2023, upon the following counsel and/or parties of record:

Justin J. Boehret, Esquire
Jonathan B. Acklen, Esquire
Law Offices of Robert A. Stutman, P.C.
500 Office Center Drive, Suite 301
Fort Washington, PA 19034
BoehretJ@StutmanLaw.com
acklenj@sutumanlaw.com
*Counsel for Plaintiff*

General Electric Company
5 Necco Street
Boston, MA 02210
*Pro Se Defendant*

Edward R. Alo, Esquire
P.O.Box 2903
Hartford ,CT 06104-2903
ealo@travelers.com
*Counsel for Cooper Machinery Services LLC*

LAW OFFICE OF CHERYL ESPOSITO KAUFMAN

By: /s/ Nadia V. Lazo
Nadia V. Lazo, Esquire
PA ID#: 209221
*Counsel for Defendant Wolong Electric America LLC*